IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                                CHARLESTON


TEX HOLBROOK, II,

            Petitioner,

v.                                     Case No. 2:09-cv-01251

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

            Respondent.


                    <u>MEMORANDUM OPINION AND ORDER</u>

        On November 16, 2009, Petitioner, an inmate at Mount Olive
Correctional Complex, filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 (docket # 1) and a motion to hold
habeas corpus petition in abeyance (# 3).  This matter is assigned
to the Honorable Joseph R. Goodwin, Chief United States District
Judge, and it is referred to the undersigned United States
Magistrate Judge for submission of proposed findings and a
recommendation for disposition, pursuant to 28 U.S.C. §
636(b)(1)(B).

        In his motion for abeyance, Petitioner requests that this
federal court stay the one-year statute of limitations applicable
to the filing of a Petition for a Writ of Habeas Corpus under 28
U.S.C. § 2254 "to allow the Circuit Court to review the case with
documentation to support the Petitioner's claim and also until the
Petitioner presents the claims he deems unexhausted to the State

Courts for resolution."  (# 3 at 4).

**APPLICABLE STATUTES AND CASE LAW**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The undersigned notes, however, that the statute of

limitations is <u>not tolled</u> during the pendency of a petition for a writ of certiorari to the Supreme Court seeking review of a state court decision denying post-conviction relief.  <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed.2d 924 (2007). Furthermore, the filing of a section 2254 petition in the federal court does not toll the statute of limitations.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed.2d 251 (2001).

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  <u>See</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997).  Where a habeas petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed.  <u>McDaniel v. Holland</u>, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional

claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Therefore, Petitioner must file a section 2254 habeas corpus petition in this federal court within one year of his criminal judgment becoming final, excluding the time that a properly filed petition for post-conviction relief is pending in the state courts, and the claims that are contained in his section 2254 petition must have been fully exhausted in the state courts as described above.

## PROCEDURAL HISTORY AND ANALYSIS

According to the petition and the Division of Corrections' website, on November 15, 2004, Petitioner was convicted in the

4

Circuit Court of Fayette County of 24 counts of sexual assault, child sexual abuse and incest.  (# 1 at 1.)  On January 11, 2005, Petitioner was sentenced.  The petition does not state the length of the sentence; the Division of Corrections' webpage indicates that Petitioner's next parole hearing is in 2204, almost 200 years in the future.

On August 9, 2005, Petitioner filed a Petition for Appeal which was refused on November 17, 2005. Id. at 2.  It appears that Petitioner did not file a Petition for a Writ of Certiorari in the Supreme Court of the United States.

Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County on February 1, 2006 (Case No. 06-C-43), which was denied on November 16, 2006. Id. at 3.  As noted above, the AEDPA one-year statute of limitations is tolled during the pendency of a properly filed state habeas corpus proceeding, and that includes the time period that a habeas appeal is pending.  However, no Petition for Appeal from the denial of Petitioner's Fayette County habeas corpus petition was filed within the four-month time period in which such a petition could have been filed.  Thus the tolling period ended on the last date upon which a Petition for Appeal could have been filed.  In the instant case, that date appears to have been on or before March 16, 2007.

Under the authority cited above, Petitioner's judgment became final on February 16, 2006, ninety days after the refusal of his

direct appeal.[1]  Since Petitioner had already filed his Fayette County habeas petition, no time ran on the statute of limitations under section 2244(d)(1) until March 16, 2007.  The statute began to run on that day and ran for 248 days until November 19, 2007, when Petitioner filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 07-C-439) which again tolled the statute of limitations.  # 3 at 4.  The second petition was denied on October 23, 2009, and the period in which a petition for appeal may be filed will end on or about February 23, 2010.  Petitioner will then have approximately four months in which to file a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner's claim for a stay is justified as follows:

> Petitioner asse[r]ts his case has not been ruled on the Merits of Records, because at the time [o]f Filing and Hearing, the Petitioner did not have the Police Reports and various Scientific Reports which would allow the Petitioner to develop the Records.  The Petitioner would Move this Court to allow him to present to the State Court's full developed Record and allow the Court to Rule upon the Merits of the case and to give the State Court's an opportunity to Rule on all issues that the Petitioner has presented to the Court with his Writ of Habeas Corpus . . ..

Id.

Petitioner has clearly not completed the exhaustion of his

---

[1] Because Petitioner did not file a Petition for a Writ of Certiorari, his judgment became final upon the expiration of the 90 day period in which such a petition could have been filed. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

6

state remedies and he has presented no persuasive reason for this Court to stay his pending federal petition.

Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Memorandum Opinion and Order are not conclusively correct; it is Petitioner's responsibility to file his petitions correctly, completely and timely.

It is hereby **ORDERED** that Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance (# 3) is **DENIED**.  A separate document entitled "Proposed Findings and Recommendation" will be filed, recommending that this civil action be dismissed without prejudice.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Petitioner.

November 23, 2009
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

7